UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**BRITTANY AGUILLARD**                      **CASE NO. 2:22-CV-05085**

**VERSUS**                                                    **JUDGE JAMES D. CAIN, JR.**

**AMERICAN SECURITY INSURANCE CO**    **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 7] filed by defendant American Security Insurance Company ("ASIC"). Plaintiff opposes the motion. Doc. 9.

## I.
### BACKGROUND

This suit arises from damage suffered by plaintiff during Hurricane Laura and Hurricane Delta, which made landfall in Southwest Louisiana on August 27, 2020, and October 9, 2020. At that time plaintiff's home in Lake Charles, Louisiana, was insured under a lender-placed policy issued by ASIC. Doc. 7, att. 2. The only insured named under that policy is plaintiff's mortgage lender, Quicken Loans, Inc., and the policy's terms require that all benefits be paid to the named insured. *Id.* at 5, 7, 20.

Plaintiff alleges that ASIC failed to timely or adequately compensate her for covered losses suffered in the hurricanes. She filed suit in this court on August 26, 2022, raising claims of bad faith under Louisiana law. Doc. 1. ASIC now moves for summary judgment, arguing that plaintiff is not entitled to any benefits under the policy. Doc. 7. Plaintiff opposes the motion, disputing her lack of standing and asserting that ASIC has waived this

defense or should be equitably estopped from raising it because it treated plaintiff as a named insured under the policy. Doc. 9.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

### A. Plaintiff's Status Under Policy

To state a claim for relief based on an insurance policy, a plaintiff must be a named insured, an additional named insured, or an intended third-party beneficiary of that policy. *Brown v. Am. Modern Home Ins. Co.*, 2017 WL 2290268, at *4 (E.D. La. May 25, 2017) (internal citations omitted). Here the relevant inquiry is whether plaintiff is a third-party beneficiary. Under Louisiana law, third party beneficiary status must be conferred by contract under what is known as a *stipulation pour autrui*. *Williams v. Certain Underwriters at Lloyd's of London*, 398 F. App'x 44, 47 (5th Cir. 2010) (unpublished). This status is never presumed, and the party claiming the benefit bears the burden. *Joseph v. Hosp. Svc. Dist. No. 2 St. Mary Par.*, 939 So.2d 1206, 1212 (La. 2006). To this end, he must show that (1) the contract manifests a clear intention to benefit the third party; (2) there is certainty as to the benefit provided; and (3) the benefit is not merely an incident of the contract. *Brown*, 2017 WL 2290268 at *4 (citing *Joseph*, 939 So.2d at 1212–13).

Courts in this circuit have had ample opportunity to consider third-party beneficiary status under lender-placed homeowner's insurance policies. These policies are designed to insure the lender's collateral whenever the borrower fails to maintain adequate insurance coverage. *Williams*, 398 F. App'x at 46. Though the borrowers are typically listed on the policy and pay premiums through the lender, such circumstances are insufficient to create

third-party beneficiary status unless the borrower is also due some sort of benefit under the policy. *Id.* Where, however, there is a definite benefit to the homeowner within the policy, he may be a third-party beneficiary. *See Lee v. Safeco Ins. Co. of Am.*, 2008 WL 2622997 (E.D. La. Jul. 2, 2008) (stipulation *pour autrui* created where lender-placed policy provided that any loss payment exceeding the mortgagee's interest must be paid to homeowner). Here the policy clearly identifies plaintiff as "borrower," but not as a named insured. It does not reflect an intent, let alone a clear one, to benefit plaintiff. Accordingly, plaintiff is neither a named insured nor the recipient of a stipulation *pour autrui* and has no standing to pursue claims against ASIC unless she prevails on one of the defenses raised below.

### B. Waiver and Estoppel

The court now turns to plaintiff's arguments based on waiver and estoppel. The facts here are like those established recently in *Taylor v. ASIC*, No. 22-cv-6221, 2023 WL 2167497 (W.D. La. Feb. 22, 2023), where the court denied summary judgment on the basis of estoppel: ASIC issued checks jointly to plaintiff's deceased husband and to Quicken based on the Laura claim, on September 16, 2020. In correspondence relating to the status of that claim and a subsequent one made after Hurricane Delta, ASIC described plaintiff/her husband as an "Additional Name" underneath the listed insured and spoke of "your policy." Doc. 9, att. 1. ASIC also remitted an additional payment to plaintiff in May 2021, without notice to Quicken Loans, after plaintiff submitted an invoice from MBC Capital Investments Corp. *Id.* at 15–18; doc. 9, att. 3, p. 8. Plaintiff further asserts, and ASIC does not dispute, that ASIC participated in the appraisal process with plaintiff in August 2022 and did not raise the issue of plaintiff's status under the policy until this

motion was filed. Doc. 7. Accordingly, plaintiff argues that ASIC has waived any defense based on his status under the policy or should be equitably estopped from asserting it now.

Under Louisiana law, waiver is "the intentional relinquishment of a known right, power or privilege." *F&M Mafco., Inc. v. Ocean Marine Contractors, LLC*, 434 F.Supp.3d 428, 438 (E.D. La. 2020) (quoting *Arceneaux v. Amstar Corp.*, 66 So.3d 438, 450 (La. 2011)). "[W]aiver may apply to any provision of an insurance contract under which the insurer knowingly and voluntarily elects to relinquish his right, power or privilege to avoid liability, even though the effect may bring within coverage risks originally excluded or not covered." *Tate v. Charles Aguillard Ins. & Real Estate, Inc.*, 508 So.2d 1371, 1375 (La. 1987). The burden of proving waiver is on the party claiming it. *FDIC v. Duffy*, 47 F.3d 146, 151 (5th Cir. 1995).

"Waiver principles are applied stringently to uphold the prohibition against conflicts of interests **between the insurer and the insured**." *Chubb v. Custom Ins. Co.*, 2006 WL 1663820, at *5 (E.D. La. June 15, 2006) (quoting *Steptore v. Masco Constr. Co., Inc.*, 643 So.2d 1213, 1216 (La. 1994)) (emphasis added). Generally, the defense may only be asserted by the parties to the policy.[1] *Ins. Co. of N. Am. v. West of England Shipowners Mut. Ins. Ass'n*, 890 F.Supp. 1296, 1298 (E.D. La. 1995) (VANCE, J.); *see also Erem Investments, LLC v. Markel Intern.*, 2008 WL 2704558, at *8 (E.D. La. July 8, 2008) (ZAINEY, J.) (finding that "the policy rationale behind the benefit of waiver does not extend to" a plaintiff who was not insured under the policy). Outside the context of the Louisiana

---

[1] The Fifth Circuit has held, however, that a plaintiff has standing to assert waiver in the context of an injured third party to a policy under the Louisiana Direct Action Statute. *FDIC v. Duffy*, 47 F.3d 146 (5th Cir. 1995).

Direct Action Statute (infra, note 1), the court cannot find a single instance of waiver being successfully raised by a non-party/non-beneficiary to an insurance contract. The undersigned finds no justification for extending the defense, given the requirement under Louisiana law that the contract "manifest a clear intention to benefit the third party" that is lacking in this matter. *Joseph*, 939 So.2d at 1212.

As for estoppel, the doctrine "is disfavored in Louisiana law and rarely applied." *Orleans Par. Sch. Bd. v. Lexington Ins. Co.*, 118 So.3d 1203, 1223 (La. Ct. App. 4th Cir. 2013). To succeed on such a claim, the plaintiff must show (1) a representation by conduct or work; (2) justifiable reliance thereon; and (3) a change of position to his detriment based on that reliance. *Id.* at 1222. Moreover, the plaintiff "must exercise such diligence as would reasonably be expected under the prevailing circumstances to avoid mistake or misunderstanding." *L.T. v. Chandler*, 917 So.2d 753, 758 (La. Ct. App. 2d Cir. 2005).

In *Taylor*, supra, the court found that summary judgment should be denied under the doctrine of estoppel because plaintiff showed at least an issue of material fact as to (1) whether he had been misled about his status on the policy by ASIC and (2) whether plaintiff had changed position to his detriment based on this belief. On the latter point, plaintiff had argued that if he had known about his standing earlier, he would have insisted that his mortgage lender/the named insured pursue the claim on his behalf and thereby perhaps secure adequate sums due under the policy. ASIC maintains that this case is different because plaintiff has not submitted an affidavit attesting to her reasonable belief in insured status and because it has now paid all sums owed, meaning there is no remaining claim for breach of contract. On the latter point, plaintiff has admitted that ASIC paid policy limits

on the dwelling and $4,965.37 on other structures after the parties' appraisal in September 2022. Doc. 9, att. 6. Plaintiff fails to submit competent evidence showing that any additional sums are due. Accordingly, she has only lost the ability to pursue her bad faith claims based in the delays in payment. These claims belong to the insured; plaintiff likewise fails to show how she would compel Quicken Loans to pursue such a claim and then remit the proceeds to her. Accordingly, there is no basis for estoppel.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 7] will be **GRANTED** and all claims in this matter will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 14th day of March, 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE